**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SCOTTSDALE INSURANCE COMPANY,**                               **PLAINTIFF,**

**VS.**                                                             **CIVIL ACTION NO. 4:04CV376-P-B**

**BUNGEE RACERS, INC.,
DOYLE MOSLEY, JIMMY MOSLEY,
and ADVENTURELAND, INC.,**                                      **DEFENDANTS.**

## ORDER

This matter comes before the court upon the defendants' Motion to Alter Judgment or Amend Final Judgment [49-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In its August 14, 2006 Opinion and Final Judgment the court concluded that with regard to the defendants' cross-claims for bad faith, punitive damages, and attorney fees, "Bungee Racers has not shown that the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there is a genuine issue of material fact that Scottsdale had no arguable basis for denying the claim or that they committed a wilful or malicious wrong or that they acted with gross and reckless disregard for the insured's rights. ." Opinion at 16. This conclusion followed a statement of the law that "[i]n order to prevail in a bad faith claim against an insurer, the plaintiff must show that the insurer lacked an arguable or legitimate basis for denying the claim, or that the insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Liberty Mutual Ins. Co. v. McKneely*, 862 So.2d 530, 533 (Miss. 2004).

1

While it is true that Scottsdale Insurance Company had not specifically moved for summary judgment upon the defendants' cross-claims, Scottsdale is correct that the court is authorized to grant summary judgment for the non-movant even without a cross motion for summary judgment. *Temple v. FDIC*, 988 F.2d 24, 25 (5th Cir. 1993) ("The Fifth Circuit has long recognized that a district court may *sua sponte* grant summary judgment for a nonmoving party, provided all the procedural safeguards of Rule 56 are followed."); *Jensen v. Snellings*, 841 F.2d 600, 618 (5th Cir. 1988) ("When a party moves for summary judgment, the court may grant summary judgment for the non-moving party even where no cross-motion has been made."). The court did observe the procedural safeguards of Rule 56 when reviewing the defendants' claims for bad faith, punitive damages, and attorney fees based upon the record which was essentially complete at the time of the ruling.

Having reconsidered the matter, the court stands by its original decision granting summary judgment against the defendants' claims for bad faith and punitive damages because the record did not create a genuine issue of material fact such that a reasonable juror could conclude that Scottsdale did not have a legitimately arguable basis for their denial of coverage and duty of defend, even though that basis was ultimately determined to be unavailing. Further, the record also does not create a genuine issue of material fact that Scottsdale's actions, given its arguable basis for denial of coverage and duty to defend, constituted a wilful or malicious wrong, or gross and reckless disregard for the insured's rights.

With regard to the defendants' request for attorneys fees as the victor in the case before the court, the court has closely reviewed the authorities provided for the proposition that attorneys fees can be awarded to an insured without a finding of bad faith. Although there is language contained

in *Garner v. Hickman*, 733 So.2d 191, 198 (Miss. 1999) that supports this proposition, this court concludes that said language is, in the context of that case, dicta based upon non-binding observations in an concurring opinion located in *Pioneer Life Insurance Company of Illinois v. Moss*, 513 So.2d 927, 932 (Miss. 1987).

More specifically, the Court in *Garner* wrote:

> In cases involving insurance contracts, we have found that extra-contractual damages such as attorney fees may be warranted even where the facts are not such to support a punitive damages claim

733 So.2d at 198 (citing *Universal Life Ins. Co. v. Veasley*, 610 So.2d 290, 295 (Miss. 1992).

This sentence is dicta because *Garner* did not involve an insurance contract but rather the breach of a building contractor's contract and the Mississippi statute regarding the recovery of attorney fees in disputes with contractors, Miss. Code Ann. § 85-7-151.

Looking to the case cited to support this proposition in *Garner*, the relevant text of the *Veasley* opinion stated:

> Some justices on this court have suggested that extra-contractual damages ought be awarded in cases involving a failure to pay on an insurance contract without an arguable reason even where the circumstances are not such that punitive damages are proper. *Pioneer Life* at 932. (Sullivan, J., concurring, joined by D. Lee, Prather and Robertson, JJ.). Applying the familiar tort law principle that one is liable for the full measure of the reasonably foreseeable consequences of her actions, it is entirely foreseeable by an insurer that the failure to pay a valid claim through the negligence of its employees should cause some adverse result to the one entitled to payment. Some anxiety and emotional distress would ordinarily follow, especially in the area of life insurance where the loss of a loved one is exacerbated by the attendant financial effects of that loss. Additional inconvenience and expense, attorneys fees and the like should be expected in an effort to have the oversight corrected. It is no more than just that the injured party be compensated for these injuries.

610 So.2d at 295 (citing *Pioneer Life*, 513 So.2d at 932).

Not only was this observation dicta in that it was not a holding in the case, but it was also an

observation based upon Justice Sullivan's concurring and therefore non-binding opinion in *Pioneer Life.*

This court concludes that the defendants have not pointed to any clear authority for this court to award attorney fees even though the circumstances in this case tend to support such an award if the aforementioned rules were indeed binding.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion to Alter Judgment or Amend Final Judgment [49-1] is **DENIED**.

**SO ORDERED** this the 20th day of October, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE